IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMALIA ULMAN | : | |
|     Plaintiff, | | |
| v. | : | |
| | | CIVIL ACTION |
| GREYHOUND LINES, INC.; | | NO. 15-5838 |
| SABRINA ANDERSON; | : | |
| C.A.V. ENTERPRISE, LLC; and, | | |
| AKOS GUBICA | | |
|     Defendants. | : | |

**MEMORANDUM**

Jones, II  J.                                                                                          December 14, 2017

**I.      Introduction**

Plaintiff Amalia Ulman brings this action against Defendants for personal injuries sustained as a passenger in a bus accident on October 9, 2013. Now before the court is Plaintiff's Motion for Partial Summary Judgment based on the doctrine of collateral estoppel. (ECF No. 55.)  Additionally, Defendants C.A.V. Enterprise, LLC and Akos Gubica have filed a Motion to Dismiss based exclusively on the doctrine of collateral estoppel, which Plaintiff does not oppose. (ECF No. 44.)  For the reasons that follow, both motions shall be granted.

**II.     Background**

On October 9, 2013, a bus owned by Greyhound Lines, Inc. and driven by Sabrina Anderson (hereinafter "Greyhound Defendants") was involved in a crash with a tractor-trailer owned by C.A.V. Enterprises and operated by Akos Gubica (hereinafter "Gubica Defendants").

1

(SUF ¶ 1.)[1] The bus was traveling on Interstate 80 heading westbound in Union County, Pennsylvania. (SUF ¶ 1.) Plaintiff and 46 other individuals were passengers of the Greyhound bus at the time of the accident. (SUF ¶ 2.)

During the pendency of this case, litigation involving several other passengers who were injured on the bus has been ongoing or has resulted in verdicts for the plaintiffs. (SUF ¶ 9.) Cases have arisen in Ohio, Pennsylvania, and New York. In the Ohio case, Gubica Defendants were dismissed with prejudice prior to trial and a jury returned a verdict against Greyhound Defendants. (SUF ¶¶ 12-13.) Accordingly, the jury in the Ohio case did not consider the liability of Gubica Defendants, nor was it presented with the question of whether any contribution was due to Greyhound Defendants. (SUF ¶ 14.)

Several passengers brought suit in the Philadelphia Court of Common Pleas, *Brown et al. v. Greyhound Lines, Inc. et al.*, and *Livingston et al. v. Greyhound Lines, Inc. et al*. These two actions (hereinafter "Philadelphia Cases") were consolidated for purposes of discovery and trial. (SUF ¶ 15). On May 12, 2016, the Honorable Mark I. Bernstein ordered that four (4) of the plaintiffs would be tried together in an "Initial Trial" and the remaining twelve (12) plaintiffs would proceed to trial at a later date. (SUF ¶ 18.)

On July 15, 2016, the Honorable Angelo J. Foglietta ruled that the "Initial Trial" of the four (4) plaintiffs would have a collateral estoppel effect on all remaining trials in the Philadelphia Cases "on the issue of the liability of the defendants, if any." (SUF ¶ 19.) Further, the court limited the expert testimony of Pennsylvania State Police Corporal Steven A. Schmit, a

---

[1] Unless otherwise noted, all citations to the Statement of Undisputed Facts refer to facts that have been admitted.

trained Accident Reconstructionist. (SUF ¶ 20.) Per Orders issued on May 18, 2016 and May 31, 2016, Corporal Schmit was not permitted to offer his opinion based upon the Pennsylvania State Police accident reconstruction, that Gubica Defendants were the "main causal factor" of the collision. (SUF ¶ 21.)   Additionally, Judge Foglietta excluded testimony regarding Gubica's alleged intoxication, finding the probative value of said testimony was outweighed by its prejudicial effect. (SUF ¶¶ 23-24.)

On July 22, 2016, the jury in the Initial Trial returned a verdict allocating 45% of the fault to Greyhound and the remainder to Ms. Anderson. The jury further found that the Gubica Defendants were not negligent. (SUF ¶ 26.) Subsequently, all but one of the remaining plaintiffs in the Philadelphia Cases settled. (SUF ¶ 27.)

On January 12, 2017 and February 1, 2017, Greyhound Defendants filed Notices of Appeal related to the claims of the four (4) plaintiffs involved in the Initial Trial. (SUF ¶ 28.) On February 3, 2017, the Philadelphia Court of Common Pleas ordered that the claims of the sole remaining Plaintiff in the Philadelphia Cases, would proceed to trial on February 27, 2017. (SUF ¶ 29.)  On February 15, 2017, Greyhound Defendants filed an emergency motion to stay the trial of the sole remaining Plaintiff pending the resolution of appeal regarding the four (4) initial trial Plaintiffs and said Motion was granted pursuant to Pennsylvania Rules of Appellate Procedure § 1701 (a). (SUF ¶¶ 30-31.)

Another related case pending in the United States District Court for the Eastern District of New York was initially set for trial in May 2017 but was postponed as a result of the stay entered in the Philadelphia cases. (SUF ¶ 10.)

Turning to the instant case, on or about October 18, 2013, Plaintiff filed suit against Greyhound in the 193rd Judicial District Court of Dallas County, Texas seeking compensatory and punitive damages for injuries she sustained in the bus accident. (SUF ¶¶ 32-34.) Subsequently, Plaintiff filed an amended petition, joining the Gubica Defendants as parties to the action. (SUF ¶ 33.) On or about October 2, 2015, Plaintiff filed suit against Greyhound Defendants and Gubica Defendants in the Philadelphia County Court of Common Pleas. (SUF ¶ 35.) On October 23, 2015, Plaintiff filed a Notice of Nonsuit in Texas state court. (SUF ¶ 36.) Greyhound Defendants removed Plaintiff's case to this Court on October 27, 2015, based on diversity jurisdiction. (SUF ¶ 37.)

### III. Standards of Review

#### A. Fed. R. Civ. P. 56(c)

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). In order to defeat a motion for summary judgment, disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. An issue is genuine if the fact

finder could reasonably return a verdict in favor of the non-moving party with respect to that issue. *Anderson*, 477 U.S. at 248. In reviewing a motion for summary judgment, the court "does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion." *Seigel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995).

### B. Fed. R. Civ. P. 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id. Accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## IV. Discussion

Plaintiff moves for partial summary judgment on the basis of collateral estoppel, to preclude re-litigation of five of the same issues that have already been decided by juries in state courts in Ohio and/or Pennsylvania: 1) the negligence of Sabrina Anderson; 2) the direct negligence of Defendant Greyhound Lines, Inc.; 3) the gross negligence of Greyhound; 4) Anderson's alleged medical emergency; and, 5) the contributory negligence of Defendants C.A.V. Enterprise, LLC and Amos Gubica.

### A. The Doctrine of Collateral Estoppel

Generally speaking, "[t]he doctrine of collateral estoppel operates to prevent a question of law or an issue of fact which has once been litigated in a court of competent jurisdiction from being re-litigated in a subsequent proceeding." *Mellon Bank, E. Nat'l Ass'n v. Rafsky*, 535 A.2d 1090, 1093 (Pa. Super. 1987).

More specifically,

> "In Pennsylvania, issue preclusion is appropriately invoked when four conditions are met: First, the issue determined in the prior action is identical to that presented in the subsequent action; second, the previous judgment is final on the merits; third, the party against whom the defense is invoked was a party or in privity with a party in the first action; and fourth, the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue on its merits in the prior action."

*Rue v. K-Mart Corp.*, 691 A.2d 498, 499 (Pa. Super. 1997).

This Court shall address each condition in turn.

### 1. The Issue Determined In The Prior Action Is Identical To That Presented In The Subsequent Action.

As discussed above, the underlying incident in this case was the bus crash that occurred on October 9, 2013 and gave rise to litigation in Ohio, Pennsylvania, and New York. In the Ohio and Philadelphia cases, Greyhound Defendants were sued for driver negligence, company negligence, and punitive damages. Here, Plaintiff asserts the same claims that were presented by the plaintiffs in the prior cases. The issues decided in the two prior actions, particularly the Philadelphia cases, are identical to the ones being litigated here and therefore, the first prong of the collateral estoppel doctrine is satisfied.[2]

### 2. There Was A Final Judgment On The Merits

In both the Ohio and Pennsylvania cases, the jury returned a verdict and rendered judgments on the issues being litigated herein. With specific regard to whether a judgment is considered final pending appeal of the initial trial of the four Philadelphia plaintiffs, "[a] judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is

---

[2] As referenced above, Gubica Defendants filed a Motion to Dismiss Plaintiff's claims and Co-Defendants' cross-claims against them based on the doctrine of collateral estoppel. "With respect to when a court may consider the preclusive effect of a state court judgment, although issue preclusion is an affirmative defense, it may be raised in a motion to dismiss under Federal Civil Procedure Rule 12(b)(6) . . . In the context of deciding a Rule 12(b)(6) motion that raises issue preclusion concerns, and where a plaintiff has not included the existence or substance of the prior adjudications in the body of, or attachments to, its complaint, it is axiomatic that a court must still consider the prior adjudication in order to determine whether issue preclusion bars that plaintiff's claims." *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010) (internal citations omitted). Accordingly, this Court's analysis of the four conditions precedent shall apply to Gubica Defendants' Motion, which includes exhibits containing prior judgments regarding the subject accident.

reversed on appeal." *Shaffer v. Smith*, 673 A.2d 872, 874-75 (Pa. 1996). Accordingly, the second prong is also satisfied.[3]

### 3. The Party Against Whom The Doctrine Is Asserted Was A Party To Or In Privity With A Party To The Prior Action

Greyhound Defendants were defendants in the Ohio and Philadelphia cases. There is no question that they were parties to the prior action. However, Greyhound Defendants argue that the use of collateral estoppel is inappropriate because Plaintiff was not a party to or in privity with any party to the prior case In support of same, Greyhound Defendants argue "estoppel . . . is limited by the due process principle that '[a] judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings.'" *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009) (quoting *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798, (1996))**.** However, inasmuch as Plaintiff is one of the parties seeking to apply collateral estoppel and by doing so, is agreeing to be bound by the causation determinations in the prior actions, the present case is distinguishable. Plaintiff's interests are squarely aligned with the interests of the plaintiffs in the Philadelphia cases. Furthermore, Plaintiff was also a passenger on the bus involved in the accident and her interests were adverse to that of Defendants. Accordingly, the third prong of the test is satisfied.[4]

---

[3] There was a final judgment regarding Gubica Defendants in the Philadelphia cases. The jury found that they were not liable in causing the crash. Since the judgment is deemed final for the purposes of collateral estoppel despite the pending appeal, the second prong is satisfied.

[4] It is undisputed that Greyhound Defendants were a party to the prior action. However, Gubica Defendants' Motion is also seeking to apply the doctrine against Plaintiff who was not a party to the prior action. A plaintiff who was not a party to a prior action can still be deemed "in privity." In particular, there are six categories where privity has been found to exist between non-party

8

####     4.    The Party Against Whom The Doctrine Is Asserted Has Had Full And Fair Opportunity To Litigate The Issue(s) In Question In A Prior Action

Greyhound Defendants had full and fair opportunity to litigate the issues in question in two prior actions. Greyhound Defendants went to trial in Ohio and in Pennsylvania. Both times, Greyhound Defendants were represented by counsel, had the right to present testimony and documentary evidence to a jury, and had the right to subpoena and cross-examine witnesses. Accordingly, the fourth prong of the test is satisfied.

####     5.    Fairness

Collateral estoppel can either be used defensively or offensively. In attempting to use Greyhound Defendants' prior losses as a basis for Plaintiff's Motion for Partial Summary

---

litigants: "1) the nonparty agrees to be bound by the determination of issues in an action between others; 2) a substantive legal relationship … exists that binds the nonparty; 3) the nonparty was adequately represented by someone with the same interests who was a party; 4) the nonparty assumes control over the litigation in which the judgment is rendered; 5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; and, 6) the nonparty falls under a special statutory scheme that expressly forecloses successive litigation by nonlitigants." *Nationwide v. George V. Hamilton, Inc*., 571 F.3d 299, 310 (3d Cir. 2009). The first traditional category applies here. *See Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) (quoting Restatement (Second) of Judgments § 40, p 390 (1980)). ("[A] person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement."). The Restatement (Second) of Judgments § 40 states that a "person having a claim or defense paralleling or related to other litigation may agree that the outcome of the other litigation will be determinative of the issues in his case." Restatement (Second) of Judgments, § 40. The Restatement also provides that an "agreement to be bound by the result of another action may be express; it also may be implied from conduct and manifestations of intention." *Id.* Here, Plaintiff's claims are the same as those which were litigated in the Ohio and Philadelphia cases. Furthermore, Plaintiff responds in support of Gubica Defendants' Motion because it is based exclusively on the doctrine of collateral estoppel. The filing of said response to the motion is a clear manifestation of Plaintiff's intent to be bound by the prior verdicts regarding causation.

Judgment, Plaintiff has invoked the doctrine of offensive collateral estoppel.[5] The doctrine is used offensively when the "plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Shaffer v. Smith*, 543 Pa. 526, 529 (1996) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 324 (1979)).

Because the offensive use of collateral estoppel can sometimes result in unfairness to a defendant, the Supreme Court has determined four factors to evaluate the fairness of the doctrine in application:

> 1) whether the plaintiff could have joined the earlier action; 2) whether the subsequent litigation was foreseeable and therefore the defendant had an incentive to defend the first action vigorously; 3) whether the judgment relied upon as a basis for collateral estoppel is inconsistent with one or more previous judgments in favor of the defendant, and 4) whether the second action would afford the defendant procedural opportunities unavailable in the first action that could produce a different result.

*Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 48 (Pa. 2005) (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 329, 331 (1979)).

This Court finds Plaintiff has satisfied these factors. Plaintiff could not have joined the earlier action(s). Plaintiff first filed suit in Texas, she nonsuited that case and subsequently filed in the Philadelphia Court of Common Pleas. Plaintiff contends she planned to have her case

---

[5] Gubica Defendants are seeking to apply collateral estoppel defensively. "For defensive collateral estoppel—a form of non-mutual issue preclusion—to apply, the party to be precluded must have had a 'full and fair' opportunity to litigate the issue in the first action." *Kliesh v. Select Portfolio Servicing, Inc.*, No. 12-548, 2012 U.S. Dist. LEXIS 90651, at *34 (E.D. Pa. June 29, 2012). Greyhound Defendants litigated the action fully and fairly. Plaintiff did not litigate in the prior action but supports Gubica Defendants' Motion. Therefore, Gubica Defendants have satisfied the requirements for application of collateral estoppel.

consolidated with the then-ongoing Philadelphia cases. However, Greyhound Defendants removed the case to this Court. Inasmuch as the subject accident involved a common carrier and numerous passengers from various geographical areas who were seriously injured, this action was foreseeable. Further, considering the plaintiffs in the previous actions sought punitive damages, Greyhound Defendants had every incentive to vigorously defend the prior action. The judgment Plaintiff is relying on is not inconsistent with any previous judgment in favor of Greyhound Defendants. In fact, the application of the doctrine would ensure consistency of judgments. Finally, Greyhound Defendants would not be entitled to different procedural opportunities unavailable in the prior action that could produce a different result in this action. Consequently, the factors for use of collateral estoppel are satisfied and no unfairness arises from the offensive application of the doctrine.

## V. Conclusion

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment and Gubica Defendants' Motion to Dismiss shall be granted.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II    J.